From this discussion it follows that we must reverse and remand this case to the Federal Power Commission for further proceedings not inconsistent with this opinion, and with directions to reject the schedules filed by United and to initiate such proceedings as may be necessary to secure refunds of the incremental amounts paid to United since the time that those schedules were erroneously allowed to become effective.

So ordered.

Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

Appellant was convicted on six of nine counts of an indictment for violation of the federal narcotic laws,[1] and acquitted on three counts. Court-appointed counsel has conscientiously presented all questions about which some contention reasonably could be made, but we find no error.

Affirmed.

Gilbert PARSONS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13998.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 14, 1957.

Decided Nov. 21, 1957.

Mr. Julius W. Robertson, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Harold H.

The ALABAMA POLYTECHNIC INSTITUTE, Petitioner,

v.

DISTRICT OF COLUMBIA, Respondent.

No. 13782.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 8, 1957.

Decided Nov. 27, 1957.

S.Ct. 692, 95 L.Ed. 912; Sierra Pacific Power Co. v. Federal Power Commission, 1955, 96 U.S.App.D.C. 140, 142, 223 F.2d 605, 607, without reference to the lawfulness or adequacy of the old rate. In a Section 5(a) hearing, however, a record would have to be made showing not only that the new rate was lawful, but that the old rate was "unjust, unreasonable, unduly discriminatory, or preferential." And under Section 5(a) if the new, non-consented rate, or any part of it, were approved, it would not become

effective until after the hearing was concluded and the increase ordered formally by the Commission. The company awarded the increase would, in addition, have to file under Section 4(d) a new schedule reflecting the rate awarded.

1. 68A Stat. 550 (1954), as amended, 26 U.S.C. § 4704(a) ; 68A Stat. 551 (1954), as amended, 26 U.S.C. § 4705(a) ; 35 Stat. 614 (1909), as amended, 21 U.S.C. § 174 (Supp. IV, 1957), 21 U.S.C.A. §: 174.